UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK SINER,

        Plaintiff,                         CIVIL ACTION NO. 15-cv-13532

        v.                             DISTRICT JUDGE GERSHWIN A. DRAIN

DETROIT, CITY OF, et al.,          MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY [17]**

This matter comes before the Court on Plaintiff Rodrick Siner's Motion for Discovery and Disclosure Pursuant to Federal Rule of Civil Procedure 26. (Docket no. 17.) Defendant City of Detroit responded to Plaintiff's Motion (docket no. 20), and Plaintiff replied to Defendant's Response (docket no. 21). This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 4.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff brings this *pro se* civil rights action against the City of Detroit and four John Doe defendants, all of whom are allegedly employed by the City of Detroit Police Department, asserting that they violated his constitutional rights by arresting, incarcerating, and prosecuting him on false assault and weapons charges, which were ultimately dismissed.[1] (Docket no. 1.) In his Complaint, Plaintiff sets forth claims of malicious prosecution, false arrest, unlawful

_____

[1] Plaintiff is currently incarcerated at the Limestone Correctional Facility in Harvest, Alabama as the result of a conviction on charges unrelated to those in the instant Complaint. (*See* docket no. 9.)

imprisonment, and defamation, for which he seeks more than one million dollars in compensatory and punitive damages, bond fees, and attorney fees. (*Id*.)

On April 12, 2016, the Court ordered Plaintiff to show cause why the John Doe defendants had not yet been named or served. (Docket no. 16.) Plaintiff responded to the Order to Show Cause on May 2, 2016, and explained that he and his family members have tried on numerous occasions to obtain the documents related to the criminal case at issue from counsel and from the state court, to no avail. (Docket no. 18 at 1-2.) Plaintiff asserted that the only way that he can discover the names of the John Doe defendants is through a Motion for Discovery, and he asked that the Court extend the time for service of the Complaint on the John Does until he receives the requested discovery. (*Id*. at 2.)

Plaintiff filed the instant Motion for Discovery the same day, May 2, 2016, through which he asks Defendant City of Detroit to provide the following: (1) the names of the John Doe defendants; (2) a copy of the police report, complaint, arrest warrant, and affidavit related to the subject case, number 12-007235-01-FC; and (3) any and all other discoverable material related to the case.[2] (Docket no. 17.) Defendant City of Detroit objected to Plaintiff's Motion on the basis that it would be futile to conduct discovery in this matter, as Plaintiff's claims are barred by the statute of limitations and/or because Plaintiff failed to file a proof of claim in the City of Detroit's bankruptcy proceeding. (Docket no. 20.) In reply, Plaintiff argues that while his claims against Defendant City of Detroit and the John Doe defendants in their official capacities may ultimately be barred by order of the Bankruptcy Court, his claims against the John Doe

---

[2] It is not clear whether Plaintiff first served these discovery requests on Defendant City of Detroit prior to filing the instant Motion as required by Federal Rules of Civil Procedure 33 and 34; however, because Defendant City of Detroit does not object to Plaintiff's Motion on this basis, the Court will proceed to address Plaintiff's Motion on the merits.

defendants in their individual capacities are not. (Docket no. 21.) He also argues that his claims are not barred by the statute of limitations. (*Id.*)

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

The Court finds that the content and volume of the information and materials that Plaintiff seeks through the instant Motion are relevant and proportional to the needs of this case. The Court also finds Defendant City of Detroit's argument regarding the futility of discovery in this matter to be persuasive, but only with regard to Plaintiff's claims against Defendant City of Detroit and the John Doe defendants in their official capacities.[3] The Court is not convinced that all of Plaintiff's claims in this matter are barred on the grounds advanced by Defendant City of Detroit. It would therefore be premature to deny Plaintiff's Motion for Discovery as futile at this

---

[3] The Court acknowledges that the Bankruptcy Court for the Eastern District of Michigan has ordered Plaintiff to voluntarily dismiss his claims in this matter against Defendant City of Detroit and the John Doe defendants in their official capacities (docket no. 22-2) and that Defendant City of Detroit has filed a Motion for Summary Judgment on this basis, which is currently pending before the Court (docket no. 22).

juncture based on arguments that have not been fully or properly litigated before the Court or established as true.  Accordingly, the Court will grant Plaintiff's Motion for Discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Discovery and Disclosure Pursuant to Federal Rule of Civil Procedure 26 [17] is **GRANTED**.  Defendant City of Detroit will provide full and complete responses and produce documents and materials responsive to Plaintiff's discovery requests set forth in the instant Motion within thirty (30) days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff will amend the Complaint **only** to name the John Doe defendants,[4] and file that amended complaint with the Court within sixty (60) days of this Opinion and Order, upon receipt of which the Court will order service by the United States Marshals.

<u>**NOTICE TO THE PARTIES**</u>

Pursuant to Federal Rule of  Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  November 9, 2016          <u>s/ Mona K. Majzoub</u>
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

---

[4] No other amendments to the Complaint are permitted at this time.  *See* Fed. R. Civ. P. 15(a).

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated:  November 9, 2016          s/ Lisa C. Bartlett
                                   Case Manager