UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RODRICK SINER,**

    **Plaintiff,**                        CIVIL ACTION NO. 15-cv-13532

    v.                                DISTRICT JUDGE GERSHWIN A. DRAIN

**DETROIT, CITY OF, et al.,**        MAGISTRATE JUDGE MONA K. MAJZOUB

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* civil rights action against the City of Detroit and four John Doe defendants, all of whom are allegedly employed by the City of Detroit Police Department, asserting that they violated his constitutional rights by arresting, incarcerating, and prosecuting him on false assault and weapons charges, which were ultimately dismissed.[1] (Docket no. 1.) In his Complaint, Plaintiff sets forth claims of malicious prosecution, false arrest, unlawful imprisonment, and defamation, for which he seeks more than one million dollars in compensatory and punitive damages, bond fees, and attorney fees. (*Id.*)

Before the Court is Defendant City of Detroit's Motion for Summary Judgment. (Docket no. 22.) Plaintiff responded to Defendant's Motion. (Docket no. 24.) This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 4.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(1), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Plaintiff is currently incarcerated at the Limestone Correctional Facility in Harvest, Alabama as the result of a conviction on charges unrelated to those in the instant Complaint. (*See* docket no. 9.)

**I.  RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant City of Detroit's Motion for Summary Judgment (docket no. 22) be **GRANTED**, thereby dismissing Plaintiff's Complaint against Defendant City of Detroit in its entirety and Plaintiff's claims against Defendants Cregg Hughes and John Doe 2-4 in their official capacities.  It is also recommended that Plaintiff's claims against Defendants John Doe 2-4 in their individual capacities be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**II.  REPORT**

On April 12, 2016, the Court ordered Plaintiff to show cause why the John Doe defendants had not yet been named or served.  (Docket no. 16.)  Plaintiff responded to the Order to Show Cause on May 2, 2016, and explained that he and his family members have tried on numerous occasions to obtain the documents related to the criminal case at issue from counsel and from the state court, to no avail.  (Docket no. 18 at 1-2.)  Plaintiff asserted that the only way that he could discover the names of the John Doe defendants was through a Motion for Discovery, and he asked that the Court extend the time for service of the Complaint on the John Doe defendants until he received the requested discovery.  (*Id*. at 2.)

Plaintiff filed a Motion for Discovery the same day, May 2, 2016.  (Docket no. 17.) Defendant City of Detroit objected to Plaintiff's Motion on the basis that it would be futile to conduct discovery in this matter, as Plaintiff's claims are barred by the statute of limitations and/or because Plaintiff failed to file a proof of claim in the City of Detroit's bankruptcy proceeding.  (Docket no. 20.)  In reply, Plaintiff argued that while his claims against Defendant City of Detroit and the John Doe defendants in their official capacities may ultimately be barred by order of the Bankruptcy Court, his claims against the John Doe defendants in their individual

capacities are not. (Docket no. 21.) He also argued that his claims are not barred by the statute of limitations. (*Id.*)

On August 26, 2016, while Plaintiff's Motion for Discovery was pending, Defendant City of Detroit filed the instant Motion for Summary Judgment. (Docket no. 22.) In its Motion, Defendant City of Detroit explains that it previously filed a motion in the Bankruptcy Court for the Eastern District of Michigan entitled "City of Detroit's Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner." (Docket no. 22 at 2; docket no. 22-2 at 2.) In that motion, filed on May 12, 2016,[2] the City of Detroit argued that the claims brought by Plaintiff in the instant Complaint against the City and the John Doe defendants in their official capacities should be dismissed because (1) Plaintiff's claims are discharged pursuant to the Eighth Amended Plan of the Adjustment of Debts of the City of Detroit filed in the City of Detroit bankruptcy proceeding on October 22, 2014; thus Plaintiff is enjoined from bringing any action against the City of Detroit and the John Doe defendants with respect to those claims; and (2) Plaintiff is barred from asserting any claim against the City under the Bar Date Order because he did not file a proof of claim. (*In re City of Detroit, Michigan*, No. 13-53846, ECF no. 11159.) The Bankruptcy Court granted the City of Detroit's motion on June 16, 2016, and ordered Plaintiff to dismiss his claims filed in the instant matter against the City of Detroit and the John Doe officers in their official capacities with prejudice no later than June 29, 2016. (Docket no. 22-2.) Plaintiff did not dismiss his claims as ordered. Accordingly, on August 26, 2016, Defendant City of Detroit filed the instant Motion for Summary Judgment for Plaintiff's failure to comply with the Bankruptcy Court's order.

---

[2] The Court takes judicial notice of Defendant City of Detroit's motion filed in *In re City of Detroit, Michigan*, Case no. 13-53846, ECF no. 11159, in the United States Bankruptcy Court for the Eastern District of Michigan. ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

In response to Defendant's Motion, Plaintiff argues that Defendant City of Detroit and its counsel are deliberately evading discovery in this matter so as not to provide the actual names of the John Doe defendants in an effort to prevent Plaintiff from pursing his claims against them in their individual capacities.[3]  (Docket no. 24 at 2.)  Plaintiff continues that Defendant City of Detroit is well aware that Plaintiff has been diligently pursuing the names of the John Doe defendants and that the only way to obtain their names is through discovery.  (*Id.*)  As relief, Plaintiff requests that the court delay ruling on the instant Motion for Summary Judgment until discovery is produced.  (*Id.*)

The Court granted Plaintiff's Motion for Discovery on November 9, 2016, on the bases that (1) the discovery sought by Plaintiff was relevant and proportional to the needs of this case; (2) Defendant City of Detroit's argument regarding the futility of discovery in this matter was persuasive, but only with regard to Plaintiff's claims against Defendant City of Detroit and the John Doe defendants in their official capacities; and (3) it would be premature to deny Plaintiff's Motion for Discovery as futile on the other grounds asserted by Defendant City of Detroit because those arguments were unconvincing and had not yet been fully or properly litigated before the Court or established as true.  (Docket no. 26.)  Accordingly, the Court ordered Defendant City of Detroit to produce the requested discovery within thirty days.  (*Id.*)  The Court also ordered Plaintiff to amend the Complaint to name the John Doe defendants and file that amended complaint within sixty days.  (*Id.*)

Plaintiff presumably received the discovery that he requested from Defendant City of Detroit, because on January 4, 2017, Plaintiff filed a motion to amend the complaint to substitute

---

[3] Plaintiff also argues that the Bankruptcy Court has no inherent constitutional authority to enter a final judgment in this matter, and he did not consent to the Bankruptcy Court's power to issue such a judgment.  Plaintiff's argument in this regard lacks merit, as the Bankruptcy Court's order does not constitute the entry of a final judgment in this matter.

Sergeant Cregg Hughes for Defendant John Doe 1.  (Docket no. 27.)  The Court has since granted Plaintiff's motion and will order service of Plaintiff's Amended Complaint upon Defendant Hughes.  Plaintiff, however, still has not dismissed his claims against Defendant City of Detroit or Defendants Hughes and John Doe 2-4 in their official capacities in accordance with the Bankruptcy Court's June 16, 2016 order.  It is indisputable that Plaintiff's claims against Defendant City of Detroit and against Defendants Hughes and John Doe 2-4 in their official capacities were discharged in the City of Detroit's bankruptcy and that they are barred for Plaintiff's failure to file a proof of claim in the bankruptcy proceeding.  Accordingly, Defendant City of Detroit's Motion for Summary Judgment should be granted.

Additionally, on November 9, 2016, the Court ordered Plaintiff to name the John Doe defendants by January 9, 2017, so that service may be effected upon them by the United States Marshals Service.  (Docket no. 26 at 4; *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").)[4]  Plaintiff did not name Defendants John Doe 2-4 within the time specified by the Court and has not shown good cause to further extend the time for service.  Accordingly, Plaintiff's claims against Defendants John Doe 2-4 in their individual capacities should be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m).

For the above-stated reasons, the court should **GRANT** Defendant City of Detroit's Motion for Summary Judgment (docket no. 22) and dismiss Plaintiff's Complaint against Defendant City of Detroit in its entirety and Plaintiff's claims against Defendants Cregg Hughes and John Doe 2-4 in their official capacities.  The court should also dismiss Plaintiff's claims

---

[4] This citation to Federal Rule of Civil Procedure 4(m) reflects the text of the Rule in effect at the time that the Complaint was filed.  Rule 4(m) has since been amended, effective December 1, 2015, to allow only 90 days for service.

against Defendants John Doe 2-4 in their individual capacities pursuant to Federal Rule of Civil Procedure 4(m). Should this Report and Recommendation be adopted, all that will remain are Plaintiff's claims against Defendant Cregg Hughes in his individual capacity as stated in the Amended Complaint.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 19, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: January 19, 2017         s/ Lisa C. Bartlett
                                Case Manager