UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK SINER,

    Plaintiff,

v.

CITY OF DETROIT, ET AL.,

    Defendants.
_____/

Case No. 15-cv-13532

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER: (1) ACCEPTING REPORT AND RECOMMENDATION [28]; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [22]; (3) DISMISSING PLAINTIFF'S COMPLAINT AGAINST THE CITY OF DETROIT; (4) DISMISSING PLAINTIFF'S COMPLAINT AGAINST THE CITY OF DETROIT POLICE OFFICERS IN THEIR OFFICIAL CAPACITIES; AND (5) DISMISSING PLAINTIFF'S COMPLAINT AGAINST JOHN DOES 2-4 IN THEIR INDIVIDUAL CAPACITIES**

## I. Introduction

This is a *pro se* civil rights action against the City of Detroit and four employees of the City of Detroit Police Department. Pending before the Court is Defendants' Motion for Summary Judgment. Dkt No. 22. This matter was referred to Magistrate Judge Mona Majzoub, who issued a Report and Recommendation advising the Court to grant Defendants' Motion for Summary Judgment. *See* Dkt. No. 28. Plaintiff objects to the Report and Recommendation. Dkt. No. 31. For the following reasons the Court will **ACCEPT** the Report and Recommendation.

## II. Facts

Plaintiff brought this action on October 8, 2015, asserting that the Defendants violated his constitutional rights by arresting, incarcerating, and prosecuting him on false assault and weapons charges, which were ultimately dismissed.[1] At the time of filing, Plaintiff did not know the names of the City of Detroit employees involved. Instead, he filed against four unknown "John Doe" Defendants.

On April 12, 2016, Magistrate Judge Majzoub ordered the Plaintiff to show cause why the "John Doe" Defendants had not been named or served. Dkt. No. 16. Plaintiff responded, asking the Court to extend the time for service and simultaneously filing a Motion for Discovery. Dkt. Nos. 18, 19. On August 26, 2016, Defendant City of Detroit filed a Motion for Summary Judgment, which the Plaintiff responded to. On November 9, 2016, and over the Defendant City of Detroit's objection, the Court granted Plaintiff's Motion for Discovery and extended the time of service. Dkt. No. 26. On January 4, 2017, Plaintiff amended his Complaint, identifying John Doe # 1 as Cregg Hughes. Dkt. No. 27. On January 19, 2017, Magistrate Judge Majzoub issued a Report and Recommendation, urging the Court to grant the Defendant City of Detroit's Motion for Summary Judgment on two grounds. Dkt. No. 28.

---

[1] Plaintiff is currently incarcerated in Alabama on unrelated charges.

First, Magistrate Judge Majzoub recommends dismissing Plaintiff's claims against the City of Detroit in its entirety and against the employees in their official capacity pursuant to an order from the Bankruptcy Court for the Eastern District of Michigan. Second, Magistrate Majzoub recommends dismissing the claims against the unnamed John Does, in their individual capacities, pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff objects to both recommendations.

### III.  Discussion

*1. Bankruptcy Court Proceedings*

The City of Detroit filed for Chapter 9 Bankruptcy in July 2013. *See In Re City of Detroit, Michigan*, Case No. 13-53846 (Bankr. E.D. Mich.). Following the bankruptcy filing, the Bankruptcy Court entered an order establishing Bar Dates for preserving a law suit against the City of Detroit. On December 10, 2014, the Eighth Amended Plan for the Adjustment of Debts for the City of Detroit (hereinafter "the Plan") became effective. The Plan provides:

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date, including any interest accrued on Claims from and after the Petition Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, *discharge the City from all Claims or other debts that arose on or before the Effective Date*, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the

> Bankruptcy Code or (iii) the Holder of a Claim based on such debt has accepted the Plan.

*Id.*, p. 57.

The events giving rise to this cause of action occurred in 2010. Dkt. No. 1, p. 3 (Pg. ID 3). However, Plaintiff did not file this action until 2015. *Id.*, p. 16 (Pg. ID 16). Therefore, to state a viable claim against the City of Detroit or its officers, Plaintiff must have preserved this cause of action by filing a proof before the Bar Date. As best as the Court can tell, Mr. Siner failed to preserve his claim. The City of Detroit filed a motion to enforce the Bar Date Order against Mr. Siner. Dkt. No. 22-2. On June 29, 2016, Judge Thomas J. Tucker of the United States Bankruptcy Court for the Eastern District of Michigan ordered Mr. Siner to dismiss his claims against the city of Detroit and against the John Doe officers in their official capacity. *Id.* Mr. Siner did not comply with the bankruptcy court's order.

In her Report and Recommendation, Magistrate Judge Majzoub took judicial notice of Bankruptcy Judge Tucker's order. Mr. Siner objects to taking judicial notice of the bankruptcy judge's order. According to Mr. Siner, "[t]wo courts can not have jurisdiction over the same subject/issue at the same time." Dkt. No. 31, p. 1 (Pg. ID 232). Instead, Mr. Siner urges the Court to "consider any judgment or order rendered in the Bankruptcy Court void." *Id.*, p. 2, (Pg. ID 233). Mr. Siner fails to cite any authority to support his arguments, perhaps because Sixth Circuit precedent contradicts Mr. Siner. The Magistrate Judge correctly held that, "it is well-settled

that federal court may take judicial notice of proceedings in other courts of record." Dkt. No. 28, p. 3 (Pg. ID 188); quoting *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999); *see also In re Hamady Bros. Food Markets*, 110 B.R. 815, 817 (E.D. Mich. 1990) ("[T]here is ample case law authorizing the Court to take judicial notice of the bankruptcy court's orders[.]"). Therefore, over Mr. Siner's objection, the Court takes judicial notice of Bankruptcy Judge Tucker's order. This Court **ACCEPTS** Magistrate Judge Majzoub's recommendation and dismisses Plaintiff's claims against the City of Detroit and its officers in their official capacities.

*2. Federal Rule of Civil Procedure 4(m)*

According to Federal Rule of Civil Procedure 4(m),

"If a defendant is not served within [120][2] days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

FED. R. CIV. P. 4(m).

Magistrate Judge Majzoub recommends that Plaintiff's claims against the unknown City of Detroit officers, in their individual capacities, be dismissed pursuant to Rule 4(m) because Mr. Siner failed to amend his Complaint to name

---

[2] This citation to Federal Rule of Civil Procedure 4(m) reflects the text of the Rule in effect at the time that the Complaint was filed. Rule 4(m) has since been amended, effective December 1, 2015, to allow only 90 days for service.

"John Does" 2-4. Dkt. No. 28, p. 4 (Pg. ID 189). In her Report and Recommendation, Magistrate Judge Majzoub assumed that Mr. Siner received discovery from the City of Detroit, which would allow Mr. Siner to properly name the yet unknown defendants. *Id.* Magistrate Judge Majzoub's assumption was reasonable considering that on January 4, 2017, Mr. Siner amended his complaint to name Cregg Hughes as John Doe # 1, seemingly upon receipt of the requested discovery.

Mr. Siner objects, however, claiming that the City of Detroit was "evasive" and "did not fully cooperate in discovery." Dkt. No. 31. Based on Mr. Siner's objection, the Court issued an order, requiring the City of Detroit to show whether it cooperated with discovery. Dkt. No. 32. Subsequently, the City of Detroit produced its responses to Mr. Siner's interrogatory requests, dated December 2, 2016. Dkt. No. 35.

Mr. Siner's interrogatories requested "the actual name" of John Does 1-3 "listed in [P]laintiff's complaint." Dkt. No. 35, p. 6–7 (Pg. ID 284–85). The Defendant identified John Doe # 1 as Sergeant Cregg Hughes, the officer in charge of Mr. Siner's case. *Id.* However, the Defendant claimed that it lacked specificity to identify John Does 2-3. Mr. Siner's Complaint describes John Doe # 2 as the "Commander of Police for Detroit City". Dkt. No. 1, p. 14 (Pg. ID 14). Mr. Siner's Complaint describes John Doe # 3 as the "Deputy Chief for the City of Detroit". *Id.*,

p. 15 (Pg. ID 15). For John Does 2-3, Mr. Siner listed the address 11187 Gratiot Ave Detroit, MI 48213. *Id*.

Mr. Siner's Complaint and discovery request proceeds on the assumption that there is only one Commander and one Deputy Chief located at 11187 Gratiot Ave. The City of Detroit maintains that such an assumption is untrue. According to the City of Detroit, "there is no one single commander for the police department, there are several commanders who serve the City of Detroit Police Department within a number of different divisions and units." Dkt. No. 35, p. 7 (Pg. ID 285). Moreover, the City asserts that it "has several deputy chiefs who serve in various departments in the City." Dkt. No. 37, p. 3 (Pg. ID 294). Furthermore, as noted in the City of Detroit's response, the Plaintiff failed to describe what role John Does 2-3 had in relation to Mr. Siner's case. Dkt. No. 35, p. 7 (Pg. ID 285). Such information could have better aided in identifying the unknown officers.

With the above-mentioned information in mind, the Court finds that the City of Detroit reasonably complied with Mr. Siner's discovery requests. Accordingly, Mr. Siner has failed to demonstrate good cause for failing to abide by Rule 4(m). Therefore, over Mr. Siner's objection, the Court will **ACCEPT** Magistrate Majzoub's recommendation and dismiss Plaintiff's claims against John Does 2-4 in their individual capacities.

## IV. Conclusion

For reasons discussed above, the Court **ACCEPTS** Magistrate Judge Majzoub's Report and Recommendation [28]. Defendants' Motion for Summary Judgment [22] is **GRANTED**. Mr. Siner's claims against the City of Detroit are **DISMISSED**. Mr. Siner's claims against the officers in their official capacities are **DISMISSED**. Mr. Siner's claims against John Does 2-4, in their individual capacities, are **DISMISSED**. The only portion of Mr. Siner's case that remains viable is his claim against Defendant Cregg Hughes, in his individual capacity.

**SO ORDERED**.

Dated: March 30, 2017                    s/Gershwin A. Drain
Detroit, MI                              HON. GERSHWIN A. DRAIN
                                         United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 30, 2017, by electronic and/or ordinary mail.

/s/Shawna C. Burns
Case Manager Generalist, (313) 234-5213