UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK SINER,

    Plaintiff,

v.

CITY OF DETROIT, ET AL.,

    Defendants.

_____/

Case No. 15-cv-13532

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [34] AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [39, 40]**

## I. Introduction

This case began as a pro se civil rights action against the City of Detroit and four unknown officers of the City of Detroit Police Department. Dkt. No. 22. Pending before the Court are three motions: Defendant Cregg Hughes' Motion to Dismiss and two motions for summary judgment filed by the Plaintiff. The Court will GRANT Defendant's Motion to Dismiss and DENY Plaintiff's Motions for Summary Judgment.

## II. Factual Background

Plaintiff filed this action on September 28, 2015, asserting that the Defendants violated his constitutional rights by arresting, incarcerating, and prosecuting him on false assault and weapons charges, which were ultimately dismissed. At the time of

filing, Plaintiff did not know the names of the City of Detroit officers involved. Instead, he filed against four unknown "John Doe" Defendants. On April 12, 2016, Magistrate Judge Majzoub ordered the Plaintiff to show cause why the "John Doe" Defendants had not been named or served. Dkt. No. 16. Plaintiff responded, asking the Court to extend the time for service and simultaneously filing a Motion for Discovery. Dkt. Nos. 17, 18. The Court granted both requests. Dkt. No. 26.

On August 26, 2016, Defendant City of Detroit filed a Motion for Summary Judgment, which the Plaintiff responded to. On November 9, 2016, and over the Defendant City of Detroit's objection, the Court granted Plaintiff's Motion for Discovery and extended the time of service. Dkt. No. 26. On December 29, 2016, Plaintiff amended his Complaint, identifying John Doe # 1 as Cregg Hughes.[1] Dkt. No. 27. On January 19, 2017, Magistrate Judge Majzoub issued a Report and Recommendation, urging the Court to grant the Defendant City of Detroit's Motion for Summary Judgment. Dkt. No. 28.

On March 30, 2017, the Court accepted Magistrate Judge Majzoub's Report and Recommendation, dismissed claims against the City of Detroit, dismissed claims against all officers in their official capacities, and dismissed claims against all

---

[1] Pursuant to the prison mailbox rule, a relaxed filing standard for pro se prisoners, Plaintiff's complaint is deemed filed when handed over the prison officials for mailing to the Court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

unnamed officers in their individual capacities. The only portion of Mr. Siner's case that remained viable at that point was his claim against Defendant Cregg Hughes in his individual capacity.

Before the Court accepted Magistrate Judge Majzoub's Report and Recommendation, Defendant Hughes filed a Motion to Dismiss. Dkt. No. 34. In response to Hughes' Motion to Dismiss, Plaintiff filed two Motions for Summary Judgment.

### III. Analysis

The amended complaints asserts five claims:

> Count I: Malicious Prosecution in Violation of the 4th Amendment;
> Count II: Unreasonable Seizure in Violation of the 4th Amendment;
> Count III: Unlawful Imprisonment in Violation of the 4th Amendment;
> Count IV: Violation of the 14 Amendment right to Due Process and Equal Protection; and
> Count V: Defamation of Character.

It seems that Counts I-IV seek relief pursuant to 42 U.S.C. § 1983. Count V relies on state law. Defendant argues that all Mr. Siner's claims must be dismissed because the statute of limitations had already expired when Mr. Siner named Cregg Hughes as a defendant. Dkt. No. 41, p. 2 (Pg. ID 328). The Court agrees.

#### A. Federal Claims

"[F]or civil rights suits filed in federal court in Michigan under § 1983, the statute of limitations is three years." *Cantu v. Michigan Dep't of Corr.*, 653 F. Supp. 2d 726, 742 (E.D. Mich. 2009). "A federal court applying a state statute of

limitations to an inmate's federal civil rights action should give effect to the State's provision tolling the limitations period for prisoners." *Hardin v. Straub*, 490 U.S. 536, 536, 109 S. Ct. 1998, 1999, 104 L. Ed. 2d 582 (1989). In Michigan, a Plaintiff may file a "John Doe" complaint—a cause of action against an unknown defendant. *Fazzalare v. Desa Indus., Inc.*, 135 Mich. App. 1, 6, 351 N.W.2d 886, 888 (1984). However, "the running of the applicable statutory limitation period is not interrupted by the filing of such a complaint." *Id.*; *see also Thomas v. Process Equip. Corp.*, 154 Mich. App. 78, 85, 397 N.W.2d 224, 226–27 (1986) (rejecting the argument that amended complaints relate back to the original complaint for statute-of-limitations purposes and holding that "defendants not specifically named in 'John Doe' complaints are not yet parties to the suit and, if added later, are considered new parties to the litigation.").

In this case, Mr. Siner filed his original complaint on September 28, 2015. Dkt. No. 1. However, Mr. Siner did not name Cregg Hughes as a defendant until December 29, 2016. Therefore, Cregg Hughes can only be held liable for constitutional claims that occurred after December 29, 2013. Here, Plaintiff claims that his injuries accrued on October 4, 2012—the date when the City of Detroit dismissed all charged against him. Dkt. No. 39, p. 10 (Pg. ID 313). Even if the Court accepted that argument, Mr. Siner's amended complaint is over a year too late.

Therefore, Mr. Siner fails to meet the statute of limitations for his federal claims.

B. Defamation

There is a one-year statute of limitations for defamation claims arising under Michigan law. *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 421–22 (2005); MICH. COMP. LAWS § 600.5805(9). "A defamation claim accrues when 'the wrong upon which the claim is based was done regardless of the time when damage results.' " *Id*. (citing (MICH. COMP. LAWS § 600.5827). Mr. Siner fails to meet the statute of limitations for his defamation claim because he filed the amended complaint (December 29, 2016) over four years after his defamation claims accrued (October 4, 2012) and over three years after the statutory limitation period ran (October 4, 2013).

C. Equitable Tolling

Next, Mr. Siner argues that he is entitled to equitable tolling. Dkt. No. 39, p. 11 (Pg. ID 314). The Court disagrees.

Michigan law governs Plaintiff's entitlement to equitable tolling.[2] *See Hardin*, 490 U.S. at 539. Michigan court precedent is not entirely clear. However, Judge Lawson correctly summarized the law in *Kucharski v. Leveille*:

> Michigan recognizes the doctrine of equitable tolling, and that a plaintiff may obtain relief from a statute of limitations thereunder if the delay in filing "is the product of an understandable confusion about the

---

[2] Plaintiff mistakenly argues that federal law governs Plaintiff's entitlement to equitable tolling. Dkt. No. 39, p. 11 (Pg. ID 314).

legal nature of her claim," *Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 432, 684 N.W.2d 864, 876 (2004), that confusion is created by the courts themselves, *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 406, 738 N.W.2d 664, 679 (2007), and the delay does not result simply from the plaintiff's lack of diligence, *Ward v. Siano*, 272 Mich.App. 715, 730 N.W.2d 1, 2 (2006). Moreover, where a specific statute controlling the period of limitation is found to abrogate the common law, courts must resort to the statutory tolling rules.

*Kucharski v. Leveille*, 526 F. Supp. 2d 768, 772–73 (E.D. Mich. 2007) (citations altered to include full citation); *but see Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, at *8 n.4 (E.D. Mich. July 6, 2012) (Goldsmith, J.) (relying on an unpublished Michigan Court of Appeals case and summarily concluding that "[i]n Michigan, equitable tolling does not exist except as provided by statute.").

This case does not qualify for equitable tolling under Michigan common law. Mr. Siner does not claim any confusion about the nature of his claims. Even if he did, such confusion was not created by the courts. Michigan law makes clear that it applies equitable tolling only in limited and extraordinary circumstances. Despite Plaintiff's efforts, this is not the type of circumstance to warrant equitable tolling.

In addition to common law, a Michigan tolling statute provides the following:

If a person who is or may be liable for any claim *fraudulently* conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who

is liable for the claim, although the action would otherwise be barred by the period of limitations.

MICH. COMP. LAWS § 600.5855 (emphasis added). The Defendants' actions throughout this case have not been entirely cooperative or artful. Nevertheless, those actions cannot be categorized as fraudulent. Therefore, this statute is to no avail for Mr. Siner.

## V. Conclusion

The Court finds that Mr. Siner's remaining claims are untimely and do not qualify for equitable tolling. Accordingly, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motions for Summary Judgment [39, 40].

**SO ORDERED**.

| | |
|---|---|
| Dated: August 10, 2017 | /s/Gershwin A Drain |
| Detroit, MI | HON. GERSHWIN A. DRAIN |
| | United States District Court Judge |

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 10, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213